**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WARREN COUNTY CHILDREN
SERVICES, et al.,

      Plaintiffs,

      v.

SARAH V. HABLUTZEL,

      Defendant.

Case No. 1:25-cv-126

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the report and recommendation ("R&R") filed by the magistrate judge on March 11, 2025. (Doc. 7). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that they may forfeit rights on appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The removing party, Sarah V. Hablutzel timely objects. (Doc. 12).

I. **BACKGROUND**

On March 4, 2025, Hablutzel filed a self-styled notice of removal, claiming to be the defendant in a state action brought by Warren County Children's Services ("WCCS"); several current and former WCCS employees; Judge Joseph W. Kirby; Magistrate Jeffrey W. Stueve; the Warren County Juvenile Court; the Warren County Prosecutor's Office; and Assistant Prosecuting Attorney Alexis Hogya.

As the Magistrate Judge has noted, this matter appears to relate to proceedings in the Warren County Court of Common Pleas. Hablutzel alleges that her children were

unlawfully removed from her custody and that the named plaintiffs "acted in concert to deprive her of her constitutional rights through fabricated allegations, ex parte communications, and procedural misconduct." (Doc. 1, PageID 11). Hablutzel claims that proceedings are ongoing in Warren County and before the Twelfth District Court of Appeals.

Because Hablutzel is proceeding in forma pauperis, the Magistrate Judge undertook a sua sponte review of her filings, pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon doing so, the Magistrate Judge noted that Hablutzel failed to file a well-pleaded complaint from which the Court could assess federal question jurisdiction. Furthermore, to the extent that Hablutzel attempts to assert federal defenses, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). The Magistrate Judge therefore recommended that the matter be dismissed and remanded to state court.

## II. <u>STANDARD OF REVIEW</u>

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole*

*v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

### III. <u>ANALYSIS</u>

As a threshold matter, the Court reiterates that Hablutzel has not actually filed anything related to the purported case she seeks to remove. She has, however, referenced case identifiers that appear to correspond to custody proceedings in the Juvenile Division of the Warren County Court of Common Pleas. But there are several problems in addition to those raised by the Magistrate Judge.

"A civil action must be pending in state court in order to qualify for removal." *Tyree v. U.S. Bank Nat'l Ass'n*, No. 2:18-MC-8, 2019 U.S. Dist. LEXIS 243265, at *5 (W.D. Tenn. Nov. 8, 2019). Because Hablutzel has not actually filed anything related to the underlying "case" she seeks to remove, the Court cannot even determine whether removal was timely, let alone whether that case even exists, *see* 28 U.S.C. § 1446(b), or the underlying suit was a "civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a).

Based upon the unusual nature of the case caption (among other things, the Juvenile Division of the Warren County Court of Common Pleas is likely not sui juris, and the Court is unaware of any civil cause of action that a judicial officer can initiate in both an individual and official capacity) and Hablutzel's characterization of her own federal claims against the respondents, it appears to the Court that Hablutzel is attempting to

bring a federal complaint. If that is true, this matter was obviously not a case that was removed from state court in the first place, and therefore cannot be remanded. *See Hughes v. May Dep't Stores Co.*, No. 04-73752, 2006 U.S. Dist. LEXIS 14493, at *2 (E.D. Mich. Mar. 14, 2006) ("A case originally filed in federal court cannot be 'remanded' to another court.").

Despite filing objections, Hablutzel does not address this glaring deficiency. She instead argues that the Magistrate Judge "erred in applying the well-pleaded complaint rule in an overly rigid manner." (Doc. 12, PageID 132). But the Magistrate Judge committed no such error, especially because the governing removal statutes "are to be strictly construed," *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2012), and the removing party "bears the burden of establishing its right thereto," *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 337 (6th Cir. 1989). The case law to which Hablutzel cites merely confirms that "a case may *not* be removed to federal court on the basis of a federal defense," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987), and the remainder of her objections do not overcome this critical defect.

To the extent that Hablutzel seeks to remove child custody proceedings to federal court, any such removal would be improvident. First, the custody proceedings at issue are not adversarial in the traditional sense, such that they do not have a "plaintiff" or "defendant." Second, it is not clear whether those proceedings are still ongoing. And third, "[i]ssues pertaining to matters such as child custody and child abuse and neglect are directly within the purview of a state government's powers. The state 'has a legitimate interest in protecting children from neglect and abuse and in investigating situations that

4

may give rise to such neglect and abuse.'" *Jones v. W. Va.*, No. 1:23-CV-102, 2023 U.S. Dist. LEXIS 234132, at *8 (N.D.W. Va. Dec. 18, 2023) (quoting *Martin v. Saint Mary's Dep't Soc. Servs.*, 346 F.3d 502, 506 (4th Cir. 2003)); *accord Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (noting "that the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

In sum, if the Court construes Hablutzel's filing as a civil complaint, it must be dismissed for lack of subject matter jurisdiction; if the Court construes Hablutzel's filing as a notice of removal for active child custody proceedings, remand is required because the Court lacks subject matter jurisdiction.

## IV. **CONCLUSION**

Accordingly, the Court **OVERRULES** Hablutzel's objections and **ADOPTS** the Magistrate Judge's reasoning. Any improvidently removed state actions are **REMANDED** to the Warren County Court of Common Pleas, and this matter is **DISMISSED**.

The Court further **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

   */s/ Michael R. Barrett*
   Michael R. Barrett
   United States District Judge